OPINION
On February 25, 2000, appellant, Michael J. Naples Jr. was indicted on two counts of rape, in violation of R.C. 2907.02(A)(1)(b)(2), which carry a mandatory life sentence. Appellant's victim was an eight-year-old boy, whom appellant had coached. Pursuant to a plea-bargain agreement, on June 7, 2000, appellant pleaded guilty to two counts of rape, in violation of R.C. 2907.02(A)(1)(b). The rape offenses to which appellant pleaded guilty do not carry a mandatory life sentence.
On August 16, 2000, the court held a sexual predator hearing, pursuant to R.C. 2950.01, to determine whether appellant is a sexual predator. At the hearing, the state presented the testimony of Detective Michael Begeout of the Hubbard Township Police, and Gerald Heinbaugh, a forensic counselor, who evaluated appellant. Appellant presented testimony of Dr. James Eisenberg, a psychology professor and practicing psychologist, who also evaluated appellant.
On September 8, 2000, the court filed a judgment entry, finding appellant to be a sexual predator. Appellant filed a timely appeal of the court's judgment, raising the following assignment of error:
 "[1.] The trial court erred in adjudicating appellant to be a sexual predator."
 In his sole assignment of error, appellant argues that the trial court's judgment that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant claims that the only evidence before the court when it made its sexual predator determination was the testimony of Mr. Heinbaugh and Dr. Eisenberg, expert witnesses called by the state and appellant, respectively. Appellant claims that neither expert testified that appellant was "likely to reoffend," and that, in any case, the court found the experts' testimony unhelpful in determining recidivism rates.
Appellant's assertion that the only evidence presented to the court for the sexual predator hearing was the evidence of the two expert witnesses is simply false. The court had before it the testimony by Detective Michael Begeout, who investigated appellant's case, and the pre-sentence investigation report, completed by the Adult Probation Department. Thus, even if the court disregarded the testimony of the experts entirely, there was still evidence before the court from which it could determine that appellant was a sexual predator.
When a court reviews a verdict to determine whether it is against the manifest weight of the evidence, it:
 "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 As defined in R.C. 2950.01(E), a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before adjudicating the offender as a sexual predator, the trial court must determine by clear and convincing evidence that the offender is a sexual predator; i.e. that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.09(C)(2)(b).
Appellant clearly pleaded guilty to a sexually oriented offense, satisfying the first prong of the test. At issue is the second prong of the test — whether appellant is likely to re-offend.
In making a determination as to whether an offender is likely to commit future offenses, the trial court must consider all relevant factors including, but not limited to, all of the factors specified in R.C.2950.09(B)(2)(a)-(j). These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct.
R.C. 2950.09 provides for the state and the defendant in a sexual predator hearing to introduce expert testimony, among other types of evidence, to help the court determine whether the defendant is a sexual predator. R.C. 2950.09(B)(1). The statute, however, does not mandate that the parties must introduce expert testimony, and does not require the court to rely on any expert testimony given. State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported, 1998 WL 272142, at 3.
Furthermore, the statute places the responsibility for determining whether an offender is likely to re-offend on the court, not on an expert witness. R.C. 2950.09. It is the court's duty to examine all relevant evidence, including expert reports, pre-sentence investigation reports, victim impact statements, and the factors listed in R.C.2950.09(B)(2)(a)-(j). After receiving this evidence, the court must find, by clear and convincing evidence, that the offender is likely to reoffend.
Appellant argues that the court did not find that he was "likely to reoffend," but instead found that his "chances of recidivism is [sic] great." Appellant argues that the court's use of this language shows that the court did not find that appellant was likely to reoffend by clear and convincing evidence. This argument relies on mere semantics. When coupled with the court's finding that appellant is a sexual predator, the finding that the chances of his recidivism are great is tantamount to finding that appellant is likely to reoffend.
When the court makes the finding that an offender is a sexual predator, "[t]he statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." State v. Cook
(1998), 83 Ohio St.3d 404, 426. The trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v.Eppinger (2001), 91 Ohio St.3d 158, 166. "The trial court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal." State v.Randall (2001), quoting State v. Burke (Sept. 21, 2000), Franklin App. No. 00AP-54, unreported, 2000 WL 135811, at 4-5.
A review of the record in this case reveals that there is sufficient evidence contained within it for the court to determine by clear and convincing evidence that appellant is likely to re-offend. The trial court, however, did not discuss the reasoning behind its determination, and failed to provide even a general discussion of the factors it used. Without the necessary insight into the court's reasoning, we are unable to properly review its decision in the instant appeal. While appellant's assignment of error lacks merit, this case is reversed and remanded.
For the foregoing reason, the decision of the Trumbull County Court of Common Pleas is reversed, on grounds other than those argued by the parties, and remanded for the court to enter a judgment that includes at least a general discussion of the factors it considered in making its decision.
JUDGE ROBERT A. NADER, FORD, P.J., VUKOVICH, J., Seventh Appellate District, sitting by assignment, concur.